SUMMARY ORDER

Petitioner Ben Zhong Zhu, a native and citizen of the People’s Republic of China, seeks review of an October 23, 2007 order of the BIA denying his motion to reopen. In re Ben Zhong Zhu, No. A073 561 435 (B.I.A. Oct. 23, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the BIA did not err in denying Zhu’s untimely motion to reopen.
Zhu argues that the BIA erred in finding that he failed to demonstrate changed country conditions or his prima facie eligibility for relief. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. See id. (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”). Moreover, the agency reasonably declined to accord probative weight to Zhu’s unauthenticated evidence given the underlying adverse credibility determination.[2] See Qin Wen Zheng v. *78 Gonzales, 500 F.3d 143, 146-47 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

. We disagree with the government's construction of the BIA’s decision as denying Zhu's motion to reopen based on the agency’s underlying adverse credibility determination; rather, the BIA simply declined to credit certain unauthenticated documents, in part, because of the underlying adverse credibility determination. Therefore, contrary to the government’s argument, Zhu’s failure to chai- *78 lenge any such finding is not dispositive of this case.